[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This complaint alleges that defendant breached an oral agreement dated December 5, 1990, whereby he promised to pay his brother, the plaintiff, $21,600 for the plaintiff's undivided one-half interest in a real estate condominium, which the brothers had purchased as joint tenants on December 28, 1989. The complaint alleges that pursuant to this agreement the defendant moved into the condo and has continued to occupy it as his residence as of the date of the complaint. Plaintiff asserts that in reliance on defendant's promise to pay him $21,600, he CT Page 9958 permitted such occupancy instead of listing the property for sale to a third party. In his claim for relief, plaintiff claims: money damages; interest; costs and specific performance of the agreement.
Defendant has filed an answer, two special defenses and two counterclaims.
Defendant's answer admits he joined his brother in a condominium purchase on December 28, 1989, for the sum of $125,500, but denies that it was purchased in joint tenancy. Defendant also denied the allegations that the parties entered into an oral agreement on December 15, 1990, on the terms alleged by plaintiff or that plaintiff has suffered any loss.
Defendant's first special defense pleaded the Statute of Frauds, Section 52-550 of the General Statutes.
Defendant's second special defense raised the statute of limitations contained in Section 52-581 of the General Statutes.
The defendant's first counterclaim is predicated on the concept of reimbursement for the unjust enrichment of plaintiff. Defendant alleges that since December of 1990, he has paid all costs of monthly expenses for the condo including capital costs, improvements, the principal and interest on the note and mortgage, common charges, assessments, and legal costs to reinstate the mortgage after a foreclosure proceeding. He asserts that one half of these costs in the aggregate are substantially in excess of the aggregate rental market value of the premises which he occupied since December of 1990.
In his second counterclaim he seeks a partition of the condo property in which he and the plaintiff are tenants in common with each owning an undivided 50 per cent interest therein.
Plaintiff replied to the defendant's special defenses by denying their applicability.
Plaintiff admitted the allegations contained in defendant's second counterclaim (Partition) and denied the substance of the allegations contained in defendant's first counterclaim.
At the hearing both parties testified. Each offered the testimony of an expert appraiser as to the present value of the CT Page 9959 property. Plaintiff's expert also testified as to its value on August 7, 1990. The court finds that the fair market value of Unit 168, 2 Mansfield Grove Road, East Haven, was $130,000 as of August 7, 1990, and $110,000 as of September 3, 1997. After a consideration of the various exhibits and of the testimony of the plaintiff, the defendant, the defendant's wife, the court finds as follows.
Plaintiff and defendant acquired title to Unit 168 on December 28, 1989. (Defendant's Exh. D) The purchase price was $125,000. (Plaintiff's Exh. 3) The parties obtained a $100,000 mortgage to finance the purchase. (Plaintiff's Exh. 3) The balance of the purchase price was the sum of equal contributions from plaintiff and defendant. The two brothers purchased the property to speculate on the rising real estate market. They immediately listed the property with Gem Realty at a price of $169,900, for the period of February 7, 1990 to August 7, 1990. (Plaintiff's Exh. 4). No offers were received during this six-month period. The realtor advised a price reduction, which both parties refuse. They decided to delist the property and rent it for a short period of time. Both parties were sharing expenses at this time. On or about November 1990, the plaintiff was having difficulties meeting his one-half share of the expense of carrying the property. Defendant, who was having marital difficulties at that time, suggested that he move into the condo; and, in lieu of paying rent, assume the entire monthly mortgage obligations ($1,198); the maintenance fee, $226; and any other costs associated with the upkeep of the property. Plaintiff preferred an outright sale of his interest to defendant for the sum of $21,600. Defendant refused the offer, and plaintiff acquiesced in defendant's proposal. Defendant moved in on December 25, 1990, and from that time to the present has paid the mortgage, the maintenance fee and assessments and all other expenses associated with the property. The parties did not list the property for sale during this period because neither party was willing to take a loss. At various times in 1992, 1993, 1994 and 1995, the parties negotiated trying to reach a settlement in which defendant would buy out plaintiff's share. At all times plaintiff demanded $21,600 for his share, which was never acceptable to defendant. In 1995 the defendant offered plaintiff $15,000 for his interest. The parties agreed tentatively to this price, and defendant obtained a mortgage (Defendant's Exh. B) commitment to obtain the necessary funds, but plaintiff refused to accept the offer. CT Page 9960
On or about June of 1996, the defendant purchased another condominium, Unit 176 in the same complex. Defendant vacated Unit 168 and moved into their new home. On June 29, 1996, Unit 168 was rented to a third party, and as of this date is still rented.
The court concludes that the plaintiff has failed to prove by a fair preponderance of the evidence the essential elements of his complaint. Accordingly, judgment may enter for the defendant on the plaintiff's complaint.
The court concludes that defendant has failed to prove the essential elements of his cause of action pleaded in his first counterclaim. Accordingly, judgment may enter for plaintiff on defendant's first counterclaim.
Although plaintiff has admitted the allegations contained in defendant's second counterclaim (Partition), the court will defer entering a judgment to give the parties a reasonable time to either sell the property privately or negotiate a settlement based on the present fair market value of the property. The parties are required to report to the court on receipt of this memorandum.
No costs are awarded to either party.
Dorsey, J. Judge Trial Referee